UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY, as successor in interest to NORTHBROOK EXCESS AND SURPLUS INSURANCE COMPANY f/k/a NORTHBROOK INSURANCE COMPANY,<br><br>                                   Plaintiff,<br><br>                    v.<br><br>TRANSATLANTIC REINSURANCE COMPANY,<br><br>                                   Defendant. | FILED: JULY 23, 2008<br>08CV4173<br>JUDGE DOW<br>MAGISTRATE JUDGE VALDEZ<br>TG<br><br>Case no. _____<br><br><br>Judge _____ |

## NOTICE OF REMOVAL

Defendant Transatlantic Reinsurance Company ("Transatlantic") respectfully submits this Notice of Removal pursuant to 28 U.S.C. § 1441 *et seq.* This Court has original jurisdiction over this action on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332.

1.     On June 23, 2008, Plaintiff Allstate Insurance Company ("Allstate") commenced this action by filing a complaint in the Circuit Court of Cook County, Illinois, Chancery Division, styled *Allstate Insurance Company as successor in interest to Northbrook Excess and Surplus Insurance Company f/k/a Northbrook Insurance Company versus Transatlantic Reinsurance Company,* Case No. 08 CH 20186 (the "Complaint"). A copy of the Complaint and Summons is attached as Exhibit A.

2.      Allstate purported to effect service of the Complaint upon Transatlantic by service upon Michael T. McRaith, Director of Insurance, made, on information and belief, on June 23, 2008.

3.      Transatlantic first received a copy of the Complaint as provided by Michael T. McRaith, Director of Insurance, on June 27, 2008.

4.      This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) as it has been filed within thirty (30) days from receipt of the Complaint.

5.      Defendant has not yet appeared in this matter nor otherwise responded to the complaint. No rulings have been made in this case.

6.      This action is removable to this Court pursuant to 28 U.S.C. § 1441, as this Court has original jurisdiction based on diversity of the parties pursuant to 28 U.S.C. § 1332. The Plaintiff and Defendant in this action are completely diverse:

      a.      Plaintiff Allstate states in paragraph 1 of its Complaint that it is a company organized under the laws of the State of Illinois, with its principal place of business in Northbrook, Illinois.

      b.      Defendant Transatlantic is a company organized under the laws of the State of New York, with its principal place of business in New York.

7.      The amount in controversy in this matter exceeds $75,000, exclusive of interest and costs. In the Complaint, Plaintiff seeks monetary damages in the amount of $313,821.35, which it alleges is owed under a reinsurance agreement. Plaintiff also seeks a determination that Defendant be required to pay its alleged share of any future reinsurance losses as those amounts become due, which Plaintiff further alleges will total $4,000,000.

8.      Plaintiff, in commencing this action in the Circuit Court of Cook County, Illinois,

asserted that venue was proper therein. As that court is embraced within the district and division of this Court, venue for this removed action is proper pursuant to 28 U.S.C. § 1441(a).

WHEREFORE, for the foregoing reasons, Defendant Transatlantic Reinsurance Company hereby removes this action to the United States District Court for the Northern District of Illinois, Eastern Division.

Dated: July 23, 2008

Respectfully submitted,

TRANSATLANTIC REINSURANCE COMPANY

By: _____
　　 Its attorney

Hope G. Nightingale (06184864)
LITCHFIELD CAVO LLP
303 W. Madison Street, Suite 300
Chicago, IL 60606
312-781-6614
312-781-6630 (fax)
Email: nightingale@litchfieldcavo.com

OF COUNSEL:
Carey G. Child, Esq.
Stelio L. Tellis, Esq.
Chadbourne & Parke, LLP
1200 New Hampshire Avenue N.W.
Washington, D.C. 20036
202-974-5600 (phone)

# Illinois Department of Financial and Professional Regulation
## Division of Insurance

ROD R. BLAGOJEVICH
Governor

DEAN MARTINEZ
Secretary

MICHAEL T. McRAITH
Director
Division of Insurance

June 24, 2008

RECEIVED
JUN 27 2008
TRANSATLANTIC
REINSURANCE COMPANY

Transatlantic Reinsurance Company
80 Pine Street
New York, NY 10005

Re:    Case #08CH20186

Gentlemen:

Enclosed please find copy of Summons and Complaint for Declaratory Judgment and Other Relief received by me as your agent for service of process at 10:30 a.m. on June 23, 2008, in my Chicago office in the case of Allstate Insurance Company as successor in interest to Northbrook Excess and Surplus Insurance Company f/k/a Northbrook Insurance Company vs. your company, et al.

Sincerely,

Michael T. McRaith
Director of Insurance

MTM:EMC:alt
Enclosure

CERTIFIED MAIL
RETURN RECEIPT REQUESTED

320 W. Washington
Springfield, Illinois 62767-0001
www.idfpr.com



EXHIBIT
A

| | |
|---|---|
| 2120 - Served | 2121 - Served |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| SUMMONS | ALIAS - SUMMONS |

CCG N001-10M-1-07-05 (

**RECEIVED**
STATE OF ILLINOIS

JUN 2 3 2008
10:30 57
DEPT. OF INSURANCE
CHICAGO, ILLINOIS

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
COUNTY DEPARTMENT, __CHANCERY__ DIVISION

(Name all parties)
Allstate Insurance Company as succ. in interest to Northbrook
Excess and Surplus Insurance Co. f/k/a Northbrook Ins. Co.

v.

Transatlantic Reinsurance Company

**08CH 20186**

No. _____

PLEASE SERVE:
Transatlantic Reinsurance Company
c/o Director of Insurance, State of Ill.
100 W. Randolph, 15th Fl., Room 100
Chicago, IL 60601

**SUMMONS**

To each Defendant:

 YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room ___802___, Chicago, Illinois 60602

❑ **District 2 - Skokie**
5600 Old Orchard Rd.
Skokie, IL 60077

❑ **District 3 - Rolling Meadows**
2121 Euclid
Rolling Meadows, IL 60008

❑ **District 4 - Maywood**
1500 Maybrook Ave.
Maywood, IL 60153

❑ **District 5 - Bridgeview**
10220 S. 76th Ave.
Bridgeview, IL 60455

❑ **District 6 - Markham**
16501 S. Kedzie Pkwy.
Markham, IL 60426

❑ **Child Support**
28 North Clark St., Room 200
Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.

To the officer:

 This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: __38815__

Name: __Novak Law Offices__

Atty. for: __Plaintiff__

Address: __33 N. LaSalle St., Suite 1900__

City/State/Zip: __Chicago, IL 60602__

Telephone: __(312) 425-2500__

Service by Facsimile Transmission will be accepted at: _____

WITNESS, ___JUN 0 5 2008___, _____

DOROTHY BROWN
CLERK OF CIRCUIT COURT
Clerk of Court

Date of service: _____, _____
(To be inserted by officer on copy left with defendant
or other person)

_____
(Area Code)  (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

**RECEIVED**
STATE OF ILLINOIS

JUN 2 3 2008
*10:30 51*
**DEPT. OF INSURANCE**
**CHICAGO, ILLINOIS**

|  |  |  |
|---|---|---|
| ALLSTATE INSURANCE COMPANY, as successor in interest to NORTHBROOK EXCESS AND SURPLUS INSURANCE COMPANY f/k/a NORTHBROOK INSURANCE COMPANY, | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. |
| TRANSATLANTIC REINSURANCE COMPANY, | ) ) | |
| Defendant. | ) ) | |

**08CH 20188**

## COMPLAINT FOR DECLARATORY JUDGMENT AND OTHER RELIEF

Plaintiff, ALLSTATE INSURANCE COMPANY, as successor in interest to

NORTHBROOK EXCESS AND SURPLUS INSURANCE COMPANY, formerly known as

NORTHBROOK INSURANCE COMPANY (collectively "Allstate"), by its undersigned attorneys,

as and for its Complaint alleges as follows:

    1.     Plaintiff Allstate is an insurance company organized under the laws of the State of

Illinois, with its principal place of business in Northbrook, Illinois. Allstate is the successor in

interest to Northbrook Excess and Surplus Insurance Company ("NESCO"), which was formerly

Northbrook Insurance Company ("Northbrook"). Pursuant to a certificate of merger issued by the

Illinois Department of Insurance and effective January 1, 1985, NESCO merged with Allstate, with

Allstate assuming all the rights and obligations of NESCO and Northbrook.

    2.     Upon information and belief, Transatlantic Reinsurance Company ("Transatlantic") is

a reinsurance company organized under the laws of the State of New York.

    3.     This case stems from Transatlantic's failure to discharge obligations owed to Allstate

arising from a certain certificate of facultative reinsurance issued to NESCO by Transatlantic.

Allstate is asking the Court to issue a declaratory judgment pursuant to 735 ILCS §2-701, declaring Allstate's rights pursuant to the facultative certificate of reinsurance as set forth in more detail below.

4.    Venue is proper in Cook County pursuant to 735 ILCS §§2-101 and 2-102(a).

5.    Reinsurance is a type of insurance whereby an insurance company that has insured a risk obtains insurance for itself on that risk provided by another insurance company known as the reinsurer. An insurer which has obtained reinsurance is often referred to as a "cedent" since it "cedes" a portion of risk – and premium – to the reinsurer. In this case, Allstate is the "cedent" and Transatlantic is the "reinsurer."

6.    This case involves a specific type of reinsurance, called facultative reinsurance, which is the reinsurance of a single insurance policy where the terms of reinsurance coverage are negotiated at the time of the underwriting of the insurance policy.

7.    On or about April 20, 1982, Transatlantic issued Certificate No. C 82-67284 to NESCO ("the Certificate") which reinsures NESCO's Excess Umbrella Liability Policy No. 63 007 776 ("the Policy"). The Policy insures IC Industries of Chicago, Illinois for the Policy Period of April 1, 1982 through April 1, 1983 and provides limits of $25 million each occurrence, and in the aggregate, excess underlying or self-insured retention. The Certificate provides reinsurance coverage to NESCO of $4,000,000 part of $15,000,000 excess of $10,000,000. A copy of the Certificate is attached hereto as Exhibit A.

8.    Endorsements 1 through 4 attached to Exhibit A were added to the Certificate at or around the dates identified thereon. Allstate has no knowledge relating to the issuance of Endorsement 5 except that said Endorsement appears to have been issued on or around May 4, 1983, after expiration of the Policy, but not delivered to Allstate until June 4, 2004. Allstate denies that Endorsement 5 is effective and forms part of the Certificate reinsuring Allstate but includes it here for the sake of completeness.

2

9.     In May 2001, Allstate entered into a Coverage-in-Place Agreement ("the CIP") with Pneumo Abex Corporation ("Abex"). Abex includes Abex Corporation which was an additional insured under the Policy issued by NESCO to IC Industries.

10.     The CIP provides a claims handling protocol for the management and payment of third party claims against Abex/IC Industries involving alleged bodily injury from exposure to asbestos and/or products containing asbestos allegedly manufactured, sold, handled or distributed by Abex. The CIP preserves the rights, claims, defenses and coverage positions under various insurance policies, including the Policy reinsured by the Certificate at issue here.

11.     The Certificate contains, *inter alia*, the following loss settlement provisions in **Section 3, Claims:**

* * *

(c)     Upon receipt by Reinsurer of satisfactory evidence of payment of a loss for which reinsurance is provided hereunder, Reinsurer shall promptly reimburse the Company for its share of the loss and loss expense, subject to paragraph 4 of these General Conditions.

(d)     The term "loss" shall mean only such amounts as are actually paid by the Company in settlement of claims or in satisfaction of awards or judgments. The term "loss" shall not include loss expense.

(e)     Reinsurer's liability for its proportion of a "loss" incurred by the Company shall be determined as follows: (i) if the reinsurance provided hereunder is on an excess of loss basis Reinsurer shall be liable for its excess proportion of a "loss" after application of the Company's retention and any reinsurance excess or pro rata, incuring *[sic]* to the benefit of Reinsurer; (ii) if the reinsurance provided hereunder is on a pro rata basis, Reinsurer shall be liable for its proportion of a "loss", after application of any reinsurance, excess or pro rata, incuring *[sic]* to the benefit of the Reinsurer.

(f)     The term "loss expense" shall mean all expenses incurred in the investigation, adjustment, settlement or litigation of claims, awards, or judgments, including the salaries and expenses of the Company's staff adjusters but excluding the office expenses of the Company and the salaries and expenses of all other employees of the Company.

3

(g)   Reinsurer's liability for its proportion of "loss expense" incurred by the Company shall be determined as follows: (i) if the reinsurance provided hereunder is on an excess of loss basis, Reinsurer's proportion of the "loss expense" shall be in the same ratio as its share of the "loss" bears to the total amount of such "loss"; (ii) if the reinsurance provided hereunder is on a pro rata basis, Reinsurer's proportion of the "loss expense" shall be in the same ratio as Reinsurer's limit of liability bears to the Company's gross limit of liability under the policy reinsured.

12.   On or about March 26, 2008, Allstate submitted a statement to Transatlantic, with proofs of loss, setting forth two claims, one in the amount of $360,000.18 (Claim No. 00077760026) and the other in the amount of $313,821.35 (Claim No. 0007760051). Allstate's claim for $313,821.35 represents Transatlantic's proportionate share of the loss paid by Allstate to IC Industries under the Policy which in turn is covered by the Certificate. A copy of the statement with proofs of loss is attached hereto as Exhibit B.

13.   To date, Transatlantic has paid the claim amount of $360,000.18 but has refused to pay Allstate the remaining claim amount of $313,821.35 or any part thereof. Transatlantic has no legitimate or good faith reason to support its non-payment of the claim.

14.   Allstate anticipates that, over time, the CIP identified above will fully exhaust the Policy limits and, therefore, likewise will fully exhaust the reinsurance limits of $4 million. Therefore, Allstate has suffered, and will continue to suffer, loss if Transatlantic continues to avoid honoring its current and future reinsurance obligations owed to Allstate under the Certificate.

15.   By reason of the allegations set forth above, a real, immediate and justiciable controversy exists between Allstate and Transatlantic and will continue to exist between the parties until such a time as it is resolved by this Court.

16.   Allstate seeks a declaration of the rights and obligations of the parties to the Certificate, and further seeks a determination that Transatlantic (i) pay its proportionate shares of loss and expense as billed and (ii) be required to pay any future loss and expense as said amounts become due and payment is requested by Allstate pursuant to the Certificate.

4

17.    Allstate has fully performed and satisfied all its obligations under the Certificate including all conditions precedent.

WHEREFORE, Allstate respectfully requests that the Court grant the following relief:

A.    Declare the rights and obligations of the parties under the Certificate and order Defendant Transatlantic to pay its proportionate share of loss and expense now and in the future in accordance with its contractual obligations therein;

B.    Award and grant Allstate its attorneys' fees, costs and pre-judgment interest at the statutory rate on amounts currently due and owing and on any amounts that become due and owing during the pendency of these proceedings;

C.    Award and grant such other and further general and equitable relief as the Court deems just and appropriate under the circumstances.

Respectfully submitted,

ALLSTATE INSURANCE COMPANY, as successor in interest to NORTHBROOK EXCESS AND SURPLUS INSURANCE COMPANY f/k/a NORTHBROOK INSURANCE COMPANY

By: _____
One of its Attorneys

**NOVAK LAW OFFICES**
Neal R. Novak, Esq.
Matthew R. Wildermuth, Esq.
33 North LaSalle Street, Suite 1900
Chicago, Illinois 60602
Phone: (312) 425-2500
Facsimile: (312) 425-2525
Firm I.D. No. 38815

5

**Transatlantic Reinsurance Company**

99 John Street, New York, New York 10038
212/770-7000

Certificate Number
C 82-67284

Ceding Co. and Address

NORTHBROOK EXCESS & SURPLUS CO.
NOVA

CHICAGO, IL
ATTN: ANNIE LUNSFORD

| | |
|---|---|
| Company Policy No. | 63 007 776 |
| Renewing Certificate | C81-66666 |
| Replacing | |
| Cover Note Added | |
| Co. Policy Period | 4-1-82/4-1-83 |

## DECLARATIONS

| | |
|---|---|
| Insured | I. C. INDUSTRIES |
| Location | CHICAGO, ILLINOIS |

| Reinsurance Effective | 4-1-82 | Expiration | 4-1-83 | Term | 1 YEAR |
|---|---|---|---|---|---|

**ITEM 1 — TYPE OF INSURANCE**

EXCESS UMBRELLA LIABILITY

**ITEM 2 — POLICY LIMITS AND APPLICATION**

$25,000,000 EACH OCCURRENCE & IN THE AGGREGATE, EXCESS UNDERLYING OR SELF INSURED RETENTION

**ITEM 3 — COMPANY RETENTION** A)  $250,000 PART OF $2,500,000 EXCESS UNDERLYING  (B)  $1,250,000 PART OF $2,500,000 EXCESS $2,500,000  (C)  $2,500,000 PART OF $5,000,000 EXCESS $5,000,000  (D)  $3,000,000 PART OF $15,000,000 EXCESS $10,000,000

**ITEM 4 — REINSURANCE ACCEPTED** A) NIL THIS LAYER
B)  NIL THIS LAYER
C)  NIL THIS LAYER
D)  $4,000,000 PART OF $15,000,000 EXCESS $10,000,000

**ITEM 5 — BASIS OF REINSURANCE**  ☐ EXCESS OF LOSS  ☒ CONTRIBUTING EXCESS  ☐ NON-CONCURRENT

**ITEM 6 — CANCELLATION**  75  DAYS NOTICE

**Premium This Certificate**    ☒ Fixed   ☐ Deposit    Ced. Comm.    Bkge.Comm.  10.0%

$16,720

| PREMIUM DUE AT INCEPTION | FUTURE INSTALLMENTS | | BASIS OF ADJUSTMENTS |
|---|---|---|---|
| | DATE | AMOUNT | |
| $16,720 | | | FLAT |

Minimum Premium For Certificate $ 16,720

Certificate of Casualty Facultative Reinsurance

**Transatlantic Reinsurance Company**

THE REINSURER ASSUMES ALL THE CREDIT RISKS OF THE INTERMEDIARY NAMED HEREIN, RELATED TO PAYMENTS TO THE INTERMEDIARY UNDER THIS CERTIFICATE.

Date  4-20-82/AS

By  _[signature]_
Authorized Signature

28096 (12/79)

THE REINSURER'S LIABILITY.
Reinsurer's liability under this Facultative Reinsurance Certificate. ("Certificate") shall follow the ceding Company's ("Company") liability in accordance with the terms and conditions of the policy reinsured hereunder except with respect to those terms and/or conditions as may be inconsistent with the terms of this Certificate. It shall be the duty of the Company to notify Reinsurer, promptly, of any changes in the policy reinsured hereunder. Notwithstanding the foregoing, Reinsurer and the Company hereby agree that the reinsurance hereunder is subject to the (a) Standard War Exclusion Clause or Clauses (b) Nuclear Exclusion Clause-Physical Damage-Reinsurance and (c) Nuclear Exclusion Clause-Liability-Reinsurance.

2. RETENTION.
   The Company warrants that it shall retain for its own account, subject to treaty reinsurance only, if any, the amount specified on the face of this Certificate.

3. CLAIMS.
   (a) The Company agrees that it will promptly investigate and will settle or defend all claims under the policy reinsured hereunder and that it will notify Reinsurer promptly of any event or development which the Company reasonably believes might result in a claim against Reinsurer. The Company further agrees to forward to Reinsurer copies of such pleadings and reports of investigations as are pertinent to the claim and/or as may be requested by Reinsurer.
   (b) Reinsurer shall have the right at its own expense to be associated with the Company in the defense or control of any claim, suit, or proceeding involving or which may involve the reinsurance provided under this Certificate and the Company and Reinsurer agree to cooperate in every respect in the defense and control of each such claim, suit or proceeding.
   (c) Upon receipt by Reinsurer of satisfactory evidence of payment of a loss for which reinsurance is provided hereunder, Reinsurer shall promptly reimburse the Company for its share of the loss and loss expense, subject to paragraph 4 of these General Conditions.
   (d) The term "loss" shall mean only such amounts as are actually paid by the Company in settlement of claims or in satisfaction of awards or judgements. The term "loss" shall not include loss expense.
   (e) Reinsurer's liability for its proportion of a "loss" incurred by the Company shall be determined as follows: (i) if the reinsurance provided hereunder is on an excess of loss basis Reinsurer shall be liable for its excess proportion of a "loss" after application of the Company's retention and any reinsurance excess or pro rata, incuring to the benefit of Reinsurer; (ii) if the reinsurance provided hereunder is on a pro rata basis, Reinsurer shall be liable for its proportion of a "loss", after application of any reinsurance, excess or pro rata, incuring to the benefit of Reinsurer.
   (f) The term "loss expense" shall mean all expenses incurred in the investigation, adjustment, settlement or litigation of claims, awards or judgments, including the salaries and expenses of the Company's staff adjusters but excluding the office expenses of the Company and the salaries and expenses of all other employees of the Company.
   (g) Reinsurer's liability for its proportion of "loss expense" incurred by the Company shall be determined as follows: (i) if the reinsurance provided hereunder is on an excess of loss basis, Reinsurer's proportion of the "loss expense" shall be in the same ratio as its share of the "loss" bears to the total amount of such "loss"; (ii) if the reinsurance provided hereunder is on a pro rata basis, Reinsurer's proportion of the "loss expense" shall be in the same ratio as Reinsurer's limit of liability bears to the Company's gross limit of liability under the policy reinsured.
   (h) The Company shall pay or credit Reinsurer with its proportion of salvages (i.e., recoveries or reimbursements made or obtained by the Company), after deducting the cost of obtaining such salvage. The cost of obtaining salvage shall include salaries and expenses of the Company's staff adjusters but shall exclude the office expenses or salaries and expenses of all other employees of the Company. If the insurance provided hereunder is on an excess of loss basis, salvage shall be applied in the inverse order in which liability attached; otherwise salvage shall be applied proportionately.

4. INSPECTION.
   At the request of Reinsurer, the Company shall place at its disposal and Reinsurer shall have the right at all reasonable times in the office of the Company, or elsewhere if mutually agreed, to inspect all books, records and papers of the Company in any way pertaining to the reinsurance provided hereunder, including but not limited to claims in connection therewith.

5. INSOLVENCY.
   In the event of the insolvency of the Company the reinsurance liability provided by this Certificate shall be payable by Reinsurer directly to the Company, or to its liquidator, receiver or statutory successor on the basis of the liability of the Company

such insolvency. It is understood, however, that Reinsurer shall be given written notice of the pendency of each loss or claim against the Company, indicating the policy reinsured, which may involve the reinsurance liability provided by this Certificate within a reasonable time after such loss or claim is filed in the insolvency proceeding.; During the pendency of such loss or claim, Reinsurer shall have the right to investigate each such loss or claim and Interpose, at its own expense, in the proceeding, where the loss or claim is to be adjudicated, any defense which it may deem available to the Company or its liquidator, receiver or statutory successor. The expense thus incurred by Reinsurer shall be chargeable, subject to court approval, against the insolvent Company as part of the expense of liquidation to the extent of a proportionate share of the benefit which may accure to the Company solely as a result of the defense undertaken by Reinsurer.

6. TAXES.
   The Company shall be liable for taxes on premiums ceded to Reinsurer under this Certificate.

7. OFFSET.
   Reinsurer and the Company shall have the right to offset any balance or balances, whether on account of premiums or losses otherwise, due from either party to the other party under this Certificate or under any other reinsurance certificate or agreement heretofore of hereafter entered into by and between them, and may offset the same against any balance or balances due or to become due to the former from the latter under the same or any other reinsurance certificate oragreement between them. The party asserting the right of offset shall have and may exercise such right whether the balance or balances due or to become due to such party from the other are on account of premiums or on account of losses or otherwise and regardless of the capacity, whether as assuming reinsurer or as ceding insurer, in which each party acted under the certificate or agreement, or if more than one, the different certificates and aggreements involved, provided, however, that in the event of insolvency of either party hereto, offsets shall only be allowed in accordance with the provisions of the New York State Insurance Law, Sec. 538.

8. PRIOR ACCEPTANCE.
   If the reinsurance provided hereunder attaches prior to the date of acceptance of Reinsurer, the Company warrants that there are no known reported claims or losses which might be irrecoverable under the Certificate as of the date this reinsurance is accepted.

9. CANCELLATION.
   (a) Should the Company's policy be cancelled, this certificate shall terminate simultaneously. This certificate may also be cancelled by the Company or by the Reinsurer upon not less than thirty days prior written notice, one to the other, stating when thereafter the reinsurance afforded hereby shall terminate. Proof of mailing shall be deemed proof of notice and calculation of the earned premium shall follow the Company's calculation in the use of short rate or pro rata tables.
   (b) In the event of non-payment of premium this certificate may be cancelled by the Reinsurer by giving not less than ten days prior written notice stating when thereafter the reinsurance afforded hereby shall terminate. Proof of mailing shall be deemed proof of notice.

10. DEFINITIONS.
    As used in this certificate the following terms shall have the meaning set opposite each.
    Excess of Loss—The limit(s) of liability of the Reinsurer, as stated in Item 4 of the Declarations, applies(y) only to that portion of loss settlement(s), in excess of the applicable retention of the Company as stated in Item 3 of the Declarations.
    Contributing Excess— The Company's policy applies in excess of other valid insurance, reinsurance or a self-insured retention and the limit of liability of the Reinsurer applies proportionally to all loss settlements in the percentage(s) set forth in Item 4 of the Declarations.
    Non-Concurrent—The reinsurance provided does not apply to any hazards or risks of loss or damage covered under the Company's policy other than those specifically set forth in the Declarations. The retention of the Company and liability of the Reinsurer shall be determined as though the Company's policy applied only to the hazards or risks of loss or damage specifically described in the Declarations.

11. MISCELLANEOUS
    The terms of this Certificate shall not be waived, amended or in any way modified unless such waiver, amendment of modification is contained in an endorsement to this Certificate, executed by a duly authorized representative of Reinsurer. Assignment of this Certificate shall not be valid except with the written consent of Reinsurer.

In Witness Whereof, Reinsurer has caused this Certificate to be executed and attested and it shall become valid and binding when signed by a duly authorized representative.
ATTEST:

_Marion E. Sefin_                          _Thomas Tessin_
Secretary                                   President

# C. SPEALTY ENDORSEME. T
## TRANSATLANTIC REINSURANCE COMPANY

This endorsement is to acknowledge changes as outlined by Ceding Company _NORTHBROOK  EXCESS &_
_SURPLUS  INS  Co_ with reference to _I. C. INDUSTRIES_

_NOVA  REINS_

_CHGO,_
1 _MS. ANNE  LUNSFORD_

Certificate # _C8267284_
Ceding Co. Pol. # _63   607   776_
Ceding Co. End. # _N A_
TRC End. # _1_
TRC Percentage _as per cert_
Eff. Date _4 - 1 - 82_

☐ Item 1 — Type of Insurance
☒ Item 3 — Company Retention
☐ Item 5 — Basis of Reinsurance
☐ Item 7 — Premium This Certificate
☐ Item 9 — Basis of Adjustments
☐ Other

☐ Item 2 — Policy Limits and Applications
☐ Item 4 — Reinsurance Accepted
☐ Item 6 — Cancellation/Days Notice
☐ Item 8 — Ceding Commission/Brokerage Commission
☐ Minimum Premium For Certificate

_Item  3     Company  Retention_
A) $250,000  P/o  $2,500,000  xs  U/L
B) $1,250,000  P/o  $2,500,000  xs  $2,500,000
C) $1,700,000  P/o  $5,000,000  xs  $5,000,000
D) $2,750,000  P/o  $15,000,000  xs  $10,000,000

☐ Additional Premium Due $
☐ Future Installments Unchanged
*Due Date                    Present Installment

☐ Return Premium Due $
☐ Future Installments Revised*
Increase            Decrease              Revised Installment

Date Prepared: _5-24-82_

30297 (4/81)

Authorized Signature _Don Stalmack_

# C SUALTY ENDORSEME

## TRANSATLANTIC REINSURANCE COMPANY

This endorsement is to acknowledge changes as outlined by Ceding Company _NORTHBROOK  EXCESS & SURPLUS_

_____ with reference to _I. C. INDUSTRIES_ _____

```
┌ Nova Reinsurance Brokers
│
│
│ Attn. Anne Langford
└
```

Certificate # _C82 67284_
Ceding Co. Pol. # _A3 007 776_
Ceding Co. End. # _N.A_
TRC End. # _2_
TRC Percentage _as per certificate_
Eff. Date _4-1-82_

- ☑ Item 1 — Type of Insurance
- ☑ Item 3 — Company Retention
- ☐ Item 5 — Basis of Reinsurance
- ☐ Item 7 — Premium This Certificate
- ☐ Item 9 — Basis of Adjustments
- ☐ Other

- ☐ Item 2 — Policy Limits and Applications
- ☐ Item 4 — Reinsurance Accepted
- ☐ Item 6 — Cancellation/Days Notice
- ☐ Item 8 — Ceding Commission/Brokerage Commission
- ☐ Minimum Premium For Certificate

_Item 1      Type of Insurance —_
_Excess Umbrella Liability_
_Excluding Asbestos_

- ☐ Additional Premium Due $
- ☐ Future Installments Unchanged
- *Due Date          Present Installment

- ☐ Return Premium Due $
- ☐ Future Installments Revised*
- Increase          Decrease          Revised Installment

Date Prepared: _5-14-82_

Authorized Signature _Jon Stalmack_

# C SUALTY ENDORSEME

## TRANSATLANTIC REINSURANCE COMPANY

This endorsement is to acknowledge changes as outlined by Ceding Company _Northbrook Excess_
_+ Surplus Co_ with reference to _I. C. Industries_

```
┌─────────────────────┐              Certificate #  C82 - 67284
│ Nova                │              Ceding Co. Pol. #  63-007-776
│ Chgo. Ill           │              Ceding Co. End. #  N/A
│ Attn. Anne Lunsford │              TRC End. #  3
└─────────────────────┘              TRC Percentage  as per cert
                                     Eff. Date  4-1-81
```

- ☐ Item 1 — Type of Insurance
- ☐ Item 3 — Company Retention
- ☐ Item 5 — Basis of Reinsurance
- ☐ Item 7 — Premium This Certificate
- ☐ Item 9 — Basis of Adjustments
- ☒ Other

- ☐ Item 2 — Policy Limits and Applications
- ☐ Item 4 — Reinsurance Accepted
- ☐ Item 6 — Cancellation/Days Notice
- ☐ Item 8 — Ceding Commission/Brokerage Commission
- ☐ Minimum Premium For Certificate

Company policy period - Amended to read:

4-1-81    to    4-1-84

- ☐ Additional Premium Due $
- ☐ Future Installments Unchanged
- * Due Date          Present Installment

- ☐ Return Premium Due $
- ☐ Future Installments Revised*
- Increase          Decrease          Revised Installment

Date Prepared: 5-17-82

Authorized Signature — _Don Stalnark_

# CASUALTY ENDORSEMENT

## TRANSATLANTIC REINSURANCE COMPANY

This endorsement is to acknowledge changes as outlined by Ceding Company _Northbrook Excess &_
_Surplus Ins. Company_ with reference to _I.C. Industries_

```
┌ MS ANNE LUNSFORD ┐
  North Ins.
  Chicago
└                   ┘
```

Certificate # _C82 67284_
Ceding Co. Pol. # _63 007 72_
Ceding Co. End. # _N-8_
TRC End. # _4_
TRC Percentage _As Broker_
Eff. Date _4-1-82_

☐ Item 1 — Type of Insurance
☐ Item 3 — Company Retention
☐ Item 5 — Basis of Reinsurance
☐ Item 7 — Premium This Certificate
☐ Item 9 — Basis of Adjustments
☐ Other

☐ Item 2 — Policy Limits and Applications
☐ Item 4 — Reinsurance Accepted
☐ Item 6 — Cancellation/Days Notice
☐ Item 8 — Ceding Commission/Brokerage Commission
☐ Minimum Premium For Certificate

Policy Reissued.

☐ Additional Premium Due $
☐ Future Installments Unchanged
*Due Date          Present Installment

☐ Return Premium Due $
☐ Future Installments Revised*
Increase        Decrease        Revised Installment

Date Prepared: _7-16-82_          Authorized Signature

30257 (4/81)

# SUALTY ENDORSEM
## TRANSATLANTIC REINSURANCE COMPANY

This endorsement is to acknowledge changes as outlined by Ceding Company _NORTHBROOK EXCESS_
_AND SURPLUS LINES_ with reference to _IC INDUSTRIES_

┌ MS CARRIE LORENZ ┐
  NOVA REIN

└

Certificate # _CE2 67284_
Ceding Co. Pol. # _63 007 776_
Ceding Co. End. # _N A_
TRC End. # _5_
TRC Percentage _AS PER CERT_
Eff. Date _4-1-82_

☐ Item 1 — Type of Insurance
☐ Item 3 — Company Retention
☐ Item 5 — Basis of Reinsurance
☐ Item 7 — Premium This Certificate
☐ Item 9 — Basis of Adjustments
☒ Other

☐ Item 2 — Policy, Limits and Applications
☐ Item 4 — Reinsurance Accepted
☐ Item 6 — Cancellation/Days Notice
☐ Item 8 — Ceding Commission/Brokerage Commission
☐ Minimum Premium For Certificate

NOTWITHSTANDING ENDT. #15 ATTACHED TO THE
COMPANY POLICY COVERAGE PROVIDED HEREIN SHALL
EXCLUDE ANY COVERAGE INVOLVING ASBESTOSIS

# ATTACH

INITIALS _____     DATE _____

☐ Additional Premium Due $
☐ Future Installments Unchanged
* Due Date                    Present Installment

☐ Return Premium Due $
☐ Future Installments Revised*
Increase          Decrease          Revised Installment

Date Prepared: _5 4.83_

Authorized Signature _[signature]_

30297 (4R1)



Northbrook Excess and Surplus Insurance Com
3 Allstate Commercial Plaza
51 West Higgins Road
South Barrington, Illinois 60010
(312) 551-2000   Telex: 28-3513, 25-3177

---

ENDORSEMENT

---

NAME OF INSURED:  IC Industries, Inc.                    POLICY NO.:  63-007-776
                                                         ENDORSEMENT NO.:  15

---

IT IS AGREED THAT IN THE EVENT OF LOSS FOR WHICH THE INSURED HAS COVERAGE UNDER THE
UNDERLYING INSURANCE AS SET OUT IN THE DECLARATIONS, THE EXCESS OF WHICH WOULD BE
RECOVERABLE HEREUNDER EXCEPT FOR TERMS AND CONDITIONS OF THIS POLICY WHICH ARE NOT
CONSISTENT WITH THE UNDERLYING, THEN NOTWITHSTANDING ANYTHING CONTAINED HEREIN TO THE
CONTRARY, THIS POLICY SHALL BE AMENDED TO FOLLOW THE TERMS AND CONDITIONS OF THE
APPLICABLE UNDERLYING INSURANCE IN RESPECT OF SUCH LOSS.  THE FOREGOING SHALL NOT,
HOWEVER, APPLY TO THE NUCLEAR ENERGY HAZARD.

IT IS FURTHER UNDERSTOOD AND AGREED THAT COVERAGE PROVIDED BY THE UNDERLYING COMPRE-
HENSIVE GENERAL LIABILITY POLICY WITH THE NATIONAL UNION FIRE INS. CO. WILL NOT BE
FURTHER EXTENDED WITHOUT OBTAINING AGREEMENT FROM UNDERWRITERS HEREON.


ACKNOWLEDGED

☒ TRANSATLANTIC REINSURANCE COMPANY

CERTIFICATE # C82 67284

TRANSATLANTIC REINSURANCE COMPANY

DATE: 9 | 9 | 83 BY: Ronald L Johnston

*Notwithstanding the terms of this endorsement, our reinsurance excludes asbestos claims per Endorsements 2 and 5.*

*Ronald L Johnston*

---

This endorsement to take effect on the 1st day of April, 1982.  All other terms
and conditions remain unchanged.

sk

Countersignature Date:  May 27, 1983

*Ronald Prentini*
_____
Authorized Representative


RU7-1

RG1-5



**Allstate.**
You're in good hands.

Susan Porter, SCLA
Collection Account Specialist
Specialty Operations Division – T2A
Sporter1@allstate.com

March 26, 2008

Mr. Ken Regan
Transatlantic Reinsurance
80 Pine Street, 7th Floor
New York, NY 10005

RE:    **Northbrook Excess and Surplus Insurance Company**
       **Facultative Reinsurance**

       REINSURER:       Transatlantic Reinsurance – post 1/1/1978
       Fac. Cert no.:    199666

Dear Mr. Regan:

Enclosed are Northbrook's proofs of loss in connection with IC Industries.

| CESSION NO. | INSURED | CLAIM NUMBER | DATE OF LOSS | PROOF DATE | AMOUNT DUE | TRANSACTION |
|---|---|---|---|---|---|---|
| 204128 | IC Industries | 00077760026 | 4/1/82 | 3/25/08 | $360,000.18 | Paid loss and expense. Refer to report dated 2/28/08. |
| 207128 | IC Industries | 00077760051 | 4/1/82 | 3/25/08 | $313,821.35 | Paid loss and expense. Refer to report dated 2/28/08. |

Also enclosed is a copy of the aggregate impairment chart.

**Amount due Allstate $673,821.53.  Please issue payment**

CHECKS – Payable to Allstate Insurance Company
U.S. and Foreign checks (excluding Canadian Reportable) should be sent to the following address:

         Allstate Insurance Company
         Specialty Operations
         51 West Higgins Road – SODT2C
         South Barrington, IL  60010

WIRE TRANSFERS should be sent to:
         Bank Account Name: Allstate Insurance Company - NESCO ARC Depository (Hudson)
         Bank Account Number: 730129921
         ABA for federal wires:  021000021
         ABA for ACH & checks:  044000037
         Full Bank Name:  JP Morgan Chase Bank, NA
         Full Bank Address:  New York, NY
If being sent from a foreign account, the Swift Code: CHASUS33 (instead of the ABA #).

Sincerely,

Susan Porter

IC INDUSTRIES
POLICY 007776
1982 YEAR AGGREGATE

AS OF PROOF DATED: 3/25/2008

| | |
|---|---|
| Insured: | IC Industries |
| Policy No.: | 63 007776 |
| Policy Period: | 4/1/1982 to 4/1/1983 |
| Policy Limits: | $25,000,000 |

Line Code: 1704 = Liability - Products/Completed Operations
Line Code: 1735 = Liability - Environmental / Asbestos Liability Products/Completed Operations

| Claim Number | Date of Loss | Loss Description | Line Code | Paid Loss | Allocated Paid Expense | Loss Reserve | Allocated Expense Reserve | Total | Claim Status |
|---|---|---|---|---|---|---|---|---|---|
| 007776-0005 | 10/2/1982 | Muffler caused car fire | 1704 | 725,124.00 | 1,804.40 | 0.00 | 0.00 | 726,928.40 | Closed |
| 007776-0051 | 4/1/1982 | Asbestos BI | 1735 | 7,603,669.50 | 2,846,230.27 | 8,825,815.00 | 3,054,881.00 | 22,330,595.77 | Open |
| 007776-0053 | 4/1/1982 | Asbestos BI | 1735 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | Open |
| Policy Gross | | | | $8,328,793.50 | $2,848,034.67 | $8,825,815.00 | $3,054,881.00 | $23,057,524.17 | |

**FACULTATIVE CESSION**

| LAYER | | LAYER LIMIT |
|---|---|---|
| 1ST LAYER | 200128 | 0 - 2,500,000 |
| 2ND LAYER | 202128 | 2.5M XS 2.5M |
| 3RD LAYER | 204128 | 5M XS 5M |
| 4TH LAYER | 207128 | 15M XS 10M |

| PAIDS | CEDED |
|---|---|
| Total paid loss | 8,328,793.50 |
| Total paid exp | 2,848,034.67 |
| Total Paid | 11,176,828.17 |

| RESERVES | CEDED |
|---|---|
| Total Loss Res | 8,825,815.00 |
| Total Exp Res | 3,054,881.00 |
| Total Reserve | 11,880,696.00 |

| | CEDED | TOTAL |
|---|---|---|
| 1st layer | 2,500,000.00 | 2,500,000.00 |
| 2nd layer | 2,500,000.00 | 2,500,000.00 |
| 3rd layer | 5,000,000.00 | 5,000,000.00 |
| 4th Layer | 1,176,828.17 | 13,057,524.17 |
| | 11,176,828.17 | 23,057,524.17 |

| TOTAL |
|---|
| 17,154,608.50 |
| 5,902,915.67 |
| 23,057,524.17 |

$11,176,828.17 TOTAL PAID TOWARDS AGGREGATE
$23,057,524.17 TOTAL INCURRED (PAID + RESERVES)



NOTICE/PROOF OF LOSS

DATE: 03/25/2008

PAGE: 1
CONTROL NO: 08085PAANW
PREV CONTROL NO: 08080PAB4W

TO:
TRANSATLANTIC REINSURANCE COMP
99 JOHN STREET

NEW YORK        NY 10038

FROM:
ALLSTATE
SPECIALTY OPERATIONS DIVISION

SOUTH BARRINGTON      IL 60010

TREATY/FAC NO: T5648   TRTY/FAC OLD: 207128   TERM: 04/01/1982 - 03/31/1983
DESCRIPTION:   FORMERLY A NOVA REINS. PLACEMENT
LIMITS:        15,000,000  XS   10,000,000

INSURANCE CO: NESCO - DIVISION OF ALLSTATE   CLAIM NO:    00077760051
INSURED:      I C INDUSTRIES INC             STATUS:      OPEN
POLICY NO:    0000007776                     YOUR REF NO: _____
POLICY TERM:  04/01/1982 - 04/01/1983
POL. LIMITS:  25 MLN XS U/L

LOSS DATE:    04/01/1982
LOSS LOCN:
LOSS DESC:    ASBESTOS B.I.

| CURRENT TRANSACTION(S): | GROSS | CEDED | CEDED TO YOUR COMPANY |
|---|---|---|---|
| LOSS RESERVE CHANGE | 1,097,207.00- | 896,052.75- | 292,589.00- |
| EXPENSE RESERVE CHANGE | 252,793.00- | 65,023.98- | 21,232.34- |
| EXPENSE I.A. RESERVE CHANGE | .00 | .00 | .00 |
| TOTAL RESERVE CHANGE | 1,350,000.00- | 961,076.73- | 313,821.34- |
| PAID LOSS | 1,097,206.84 | 754,628.90 | 246,409.73 |
| PAID EXPENSE | 252,793.16 | 206,447.83 | 67,411.62 |
| PAID I.A. EXPENSE | .00 | .00 | .00 |
| RECOVERIES | .00 | .00 | .00 |
| TOTAL PAID | 1,350,000.00 | 961,076.73 | 313,821.35 |
| AMOUNT DUE THIS PROOF | | | 313,821.35 |

| INCEPTION TO DATE: | GROSS | CEDED | CEDED TO YOUR COMPANY |
|---|---|---|---|
| LOSS RESERVE | 8,825,815.00 | 7,207,751.86 | 2,353,554.43 |
| EXPENSE RESERVE | 3,054,881.00 | 2,494,820.50 | 814,636.25 |
| EXPENSE I.A. RESERVE | .00 | .00 | .00 |
| TOTAL RESERVES | 11,880,696.00 | 9,702,572.36 | 3,168,190.68 |
| PAID LOSS | 7,603,669.50 | 754,628.90 | 246,409.73 |
| PAID EXPENSE | 2,846,230.27 | 206,447.83 | 67,411.62 |
| PAID I.A. EXPENSE | .00 | .00 | .00 |
| RECOVERIES | .00 | .00 | .00 |
| TOTAL PAID | 10,449,899.77 | 961,076.73 | 313,821.35 |

CLAIMANT LIST:

| SUFFIX | CLAIMANT NAME INJ/SEV DESC |
|---|---|
| 001 | LOSS PAYMENT |

PLEASE FORWARD REMITTANCE AND
COPY OF PROOF OF LOSS TO:
ALLSTATE INSURANCE COMPANY
SPECIALTY OPERATIONS
51 WEST HIGGINS ROAD - SODT2C
SOUTH BARRINGTON      IL 60010

ENCLOSURE ( )

G52-3

REINSURANCE UPDATE REMARKS



DATE: 03/25/2008

CONTROL NO: 0000000000000

TO:
TRANSATLANTIC REINSURANCE COMP
99 JOHN STREET
NEW YORK          . NY 10038

FROM:
ALLSTATE
SPECIALTY OPERATIONS DIVISION
SOUTH BARRINGTON     IL 60010

TREATY/FAC NO: T5648  TRTY/FAC/OLD: 207128   TERM: 04/01/1982 - 03/31/1983
DESCRIPTION:   FORMERLY A NOVA REINS. PLACEMENT
LIMITS:     15,000,000  XS   10,000,000

INSURANCE CO: NESCO - DIVISION OF ALLSTATE     CLAIM NO:    00077760051
INSURED:     I C INDUSTRIES INC                STATUS:      OPEN
POLICY NO:    0000007776                       YOUR REF NO: _____
POLICY TERM:  04/01/1982 - 04/01/1983
POL. LIMITS:  25 MLN XS U/L

LOSS DATE:    04/01/1982
LOSS LOCN:
LOSS DESC:    ASBESTOS B.I.

03/21/2008 TC-11   -1,097,207.00 LOSS RESERVE UPDATE
03/21/2008 TC-14    1,097,206.84 PAID LOSS UPDATE
03/21/2008 TC-12    -252,793.00 EXPENSE RESERVE UPDATE
03/21/2008 TC-15     252,793.16 PAID EXPENSE UPDATE
PLEASE SEE ATTACHED STATUS REPORT DATED 2-28-2008.

## CERTIFICATE OF SERVICE

I, Hope G. Nightingale, an attorney, certify that I caused a copy of the above and foregoing to be served upon counsel for Allstate Insurance Company, as follows:

Neal Novak
Novak Law Offices
33 N. LaSalle Street, Suite 1900
Chicago, IL 60602

via certified mail return receipt requested and by depositing a copy of said materials, proper postage prepaid, in a United States mail box located at 303 West Madison Street, Chicago, Illinois prior to 5:00 p.m. on July 23, 2008.

By: _____

Hope G. Nightingale (06184864)
LITCHFIELD CAVO LLP
303 W. Madison Street, Suite 300
Chicago, IL  60606
312-781-6614
312-781-6630 (fax)
Email: nightingale@litchfieldcavo.com